**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Boersma,<br><br>   Plaintiff,<br><br>vs.<br><br>M&I Marshall & Ilsley Bank,<br><br>   Defendant. | No. CV-11-0148-PHX-LOA<br><br>**ORDER** |

This case arises on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 3)  On January 21, 2011, *pro se* Plaintiff filed this alleged wrongful foreclosure action against Defendant "M&I Bank" in connection with a non-judicial foreclosure of the family residence located in Fountain Hills, Arizona. (Doc. 1)

A plaintiff is permitted to file a civil action in federal court without pre-payment of fees or security if he alleges and demonstrates in an affidavit that he is unable to pay such fees or give security therefor. Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part:

> [A]ny court . . . may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

In enacting the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915, Congress

"intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 342 (1948) (internal quotation marks omitted)). Congress also recognized that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Thus, if the district court grants IFP status, it must dismiss the case *sua sponte* if (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious, (ii) it fails to state a claim upon which relief may be granted; or (iii) it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The provisions of 28 U.S.C. § 1915(e)(2) are not limited to prisoners. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Jones v. Social Sec. Admin*., 2007 WL 806628, * 1 (E.D. Cal. 2007) ("[T]he court is . . . required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis."), *affirmed by*, 256 Fed.Appx. 68 (9th Cir. 2007).

The standard in 28 U.S.C. § 1915(a)(1) for IFP eligibility is "unable to pay such fees or give security therefor." The determination of what constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed IFP is left to the sound discretion of the district court based on the information submitted by the plaintiff. *Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2d Cir. 2002) (citing *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982); *Potnick v. Eastern State Hospital*, 701 F.2d 243 (2d Cir. 1983);

Plaintiff declares under penalty of perjury that he and his spouse's average monthly income for the past 12 months is $5,000.00 but that they expect zero income for the next month. No explanation is provided why they expect no income next month. (Doc. 3 at 1) Plaintiff further declares that he and his spouse have been employed for the past two years with Cornerstone Mortgage Group from May 17, 2007 to the present date with gross monthly

1 income over that period of $2,500.00 each. (*Id*. at 2)  They currently have $40.00 in cash and
2 $2,005.82 in their bank account, the value of their home is $750,000.00, their used two motor
3 vehicles have a total value of $12,000.00, and their household items are valued at
4 $10,000.00. Significantly, Plaintiff further avers that he and his spouse's mortgage payment
5 is $5500.00[1] per month and they are raising three children, ages 10, 7 and 4.

6 The filing fee for the instant district court action is $350.00.  28 U.S.C. §
7 1914(a). While Plaintiff is not totally destitute, 28 U.S.C. § 1915(a)(1) does not require a
8 plaintiff to be living off state welfare and food stamps to obtain IFP status. It is clear that
9 Plaintiff can not provide for his family's necessities of life and their current mortgage
10 payment on his and his wife's current or expected income and savings. The Court deems
11 Plaintiff is unable to pay the cost of these proceedings and that he is entitled to the relief
12 requested.

13 Accordingly,

14 **IT IS ORDERED** Plaintiff's Application to Proceed Without Prepaying Fees
15 or Costs, doc. 3, is **GRANTED**.

16 **IT IS FURTHER ORDERED** that after Plaintiff either voluntarily elects to
17 consent to a magistrate judge or elects to have the case reassigned to a district judge and
18 Plaintiff's Complaint is screened pursuant to  28 U.S.C. § 1915(e)(2), another order shall
19 issue.

20 Dated this 26th day of January, 2011.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

---

[1] The boxes are not checked on the docketed Motion for question 8, doc.3 at 4, but the boxes on original hard copy are checked, indicating their real estate taxes are included in their monthly mortgage payment but not their home's property insurance is not.

- 3 -